UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERNELL SWAHILI EL,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO UNIFIED DISTRICT,<br><br>　　　　　　　　　Defendant. | Case No.: 20-cv-00257-AJB-AGS<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S WRIT OF RECUSAL (Doc. No. 30);**<br><br>**(2) DENYING AS PREMATURE AND WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 38);**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO STRIKE (Doc. No. 40); and**<br><br>**(4) RESETTING THE BRIEFING SCHEDULE FOR DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

**I.　Background**

On March 3, 2021, San Diego Unified District ("Defendant") filed a motion to dismiss Pernell Swahili El's (*pro se* "Plaintiff") Second Amended Complaint. (Doc. No. 34.) Pursuant to the Court's briefing schedule, Plaintiff had until March 17, 2021 to file an

1

opposition to the motion, and Defendant had until March 24, 2021 to file a reply to any opposition. (Doc. No. 35.) Because Plaintiff did not file an opposition by his March 17 deadline, Defendant filed a notice of Plaintiff's non-opposition to its motion to dismiss the Second Amended Complaint. (Doc. No. 36.) Instead of filing an opposition to Defendant's motion to dismiss, Plaintiff filed a "Notice of Harmful Error and Curative Remedy," "Writ of Recusal," "Motion for Summary Judgment," and "Motion to Strike/Rule 12(f)2 with Objection." None of Plaintiff's filings directly respond to the issues raised in Defendant's motion to dismiss. To provide clarity on the current posture of the case and resolve concerns raised in Plaintiff's filings, the Court issues the following Order.

## II.     Plaintiff's Notice of Harmful Error and Writ of Recusal

In a notice filed on February 24, 2021, Plaintiff takes issue with the Court construing the operative complaint as a Second Amended Complaint. (Doc. No. 29.) Specifically, Plaintiff contends that it should be construed as a first amended complaint. Plaintiff is mistaken. Plaintiff filed his original complaint on February 11, 2020. (Doc. No. 1.) Then, on December 15, 2020, Plaintiff amended his complaint and submitted a filing titled "Amended Complaint for Damages Pursuant [sic] 42 U.S.C. § 1983." (Doc. No. 7). And on February 16, 2021, Plaintiff again amended his complaint and submitted a filing titled "Rule 15(a)(1)(B) Amended and Supplemental Pleading, with Response A and B." (Doc. No. 21.) Because Plaintiff has amended his complaint twice, the operative complaint is properly construed as the Second Amended Complaint.

Also on February 24, 2021, Plaintiff filed a document in which he requests that the Court recuse himself on the basis that he is a magistrate judge. (Doc. No. 30.) Again, Plaintiff is mistaken. The undersigned is an Article III United States District Judge. There being no legitimate reason for recusal, Plaintiff's request is **DENIED**. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) ("[I]n the absence of a legitimate reason to recuse himself, "a judge should participate in cases assigned.") (internal quotation marks and citation omitted).

### III. Plaintiff's Motion for Summary Judgment and Motion to Strike

On March 22, 2021, Plaintiff filed a "Motion for Summary Judgment" and a "Motion to Strike/Rule 12(f)2 with Objection." (Doc. Nos. 38, 40.) As the Court previously explained, a motion for summary judgment is inappropriate at this stage of the litigation because, among other things, the pleadings have yet to be resolved and discovery has yet to take place. As such, the record is not ripe for a summary judgment decision. *Morris v. Homecomings Fin., LLC*, No. CIV. 07CV2122-L (NLS, 2008 WL 3126258, at *8 (S.D. Cal. Aug. 4, 2008) ("A summary judgment motion generally will be premature until defendant files an answer, an early neutral evaluation is held, a case management conference is held, and discovery is complete.) Accordingly, Plaintiff's motion for summary judgment is **DENIED AS PREMATURE AND WITHOUT PREJUDICE**. (Doc. No. 38.)

As to the motion to strike, it appears that Plaintiff requests the Court to strike Defendant's second motion to dismiss on the basis that Defendant has failed to file a timely and verified answer. (Doc. No. 40.) However, because Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), it need not file an answer at this time. Generally, Federal Rule of Civil Procedure 12(a)(4) gives a defendant fourteen days to file an answer after the court denies a motion to dismiss. As Defendant's motion to dismiss remains pending, Plaintiff's contention that Defendant failed to file a timely and verified answer is unavailing. Fed. R. Civ. P. 12(a)(4). Accordingly, Plaintiff's motion to strike Defendant's motion to dismiss is **DENIED**.

### IV. Defendant's Pending Motion to Dismiss

As detailed above, Plaintiff has failed to file a timely or appropriate response to Defendant's motion to dismiss the Second Amended Complaint. However, in the interest of justice and to afford Plaintiff a final opportunity to defend against Defendant's motion, the Court will vacate the previously scheduled May 6, 2021 hearing and reset the briefing schedule for the motion.

## V. **Conclusion**

Based on the foregoing, Plaintiff's Writ of Recusal is **DENIED** (Doc. No. 30), Motion for Summary Judgment is **DENIED AS PREMATURE AND WITHOUT PREJUDICE** (Doc. No. 38), and Motion to Strike is **DENIED** (Doc. No. 40).[1] The Court **RESETS THE BRIEFING SCHEDULE** for Defendant's motion to dismiss as follows:

- No later than April 23, 2021, Plaintiff is **DIRECTED** to respond to the arguments raised in Defendant's motion to dismiss the Second Amended Complaint. Failure to respond will constitute an abandonment.
- Plaintiff must title his filing as "PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT."
- No later than April 30, 2021, Defendant is **DIRECTED** to file a reply to Plaintiff's response.
- Absent good cause, all other filings will be rejected.
- The motion hearing date scheduled for May 6, 2021 is **VACATED**. The Court will schedule a hearing on the motion if necessary.

**IT IS SO ORDERED**.

Dated: April 2, 2021

Hon. Anthony J. Battaglia
United States District Judge

---

[1] Plaintiff has also filed notices other than those specifically addressed here. However, the assertions in those notices merely repeat objections that the Court has already addressed in this Order. As such, for the reasons stated herein, the Court finds them similarly misplaced and unavailing. Lastly, Plaintiff is **NOTIFIED** that failure to comply with the Civil Local Rules, the Federal Rules of Civil Procedure, and the Court's prior orders, and to refrain from submitting frivolous or duplicative filings may lead to penalties pursuant to Civil Local Rule 83.1. *See* S.D. Cal. Civ. L.R. 83.1.a ("Failure . . . of any party, to comply with [the Civil Local Rules], with the Federal Rules of Civil . . . Procedure, or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.").